UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-24357-CIV-MARTINEZ-BECERRA

JANE DOE,

    Plaintiff,

v.

SUELYN MEDEIROS,

    Defendant.
_____/

## ORDER STAYING CASE

**THIS MATTER** comes before the Court upon Defendant's Motion to Stay Pursuant to 18 U.S.C. § 1595(b) ("Motion"), (ECF No. 24), and Plaintiff's Notice of Withdrawal of her Opposition to Defendant's Motion to Stay Pursuant to 18 U.S.C. § 1595(b) Pending the Resolution of the Criminal Action ("Notice"), (ECF No. 85). After careful consideration of the Motion and the pertinent portions of the record, and for the reasons stated herein, the Court finds that the Motion is **GRANTED in part**.

Defendant moved for a stay of this action in its entirety pursuant to 18 U.S.C. § 1595(b), pending the criminal proceedings against Peter J. Nygard ("Nygard") in the Southern District of New York. (*Id.*) Plaintiff filed a response in opposition to the Motion. (ECF No. 35). Thereafter, Plaintiff filed a supplemental statement regarding the Motion stating that she does not object to the Court entering a discretionary stay during the pendency of Nygard's criminal proceedings pending in the Southern District of New York.[1] (ECF No. 48). Plaintiff then filed a notice of withdrawal of her opposition to the Motion and requested that the Court grant a stay of this action. (ECF No. 85). In support, Plaintiff states that the parties have begun engaging in discovery and a number of third-party witnesses "have indicated that they cannot cooperate during discovery in this matter while the criminal prosecution remains pending." *Id.*

As a threshold matter, the Court notes that the Motion seeks relief pursuant to 18 U.S.C. §

---

[1] *USA v. Nygard*, Case No. 20-cr-00624-PGG-1.

1

1595(b). Notwithstanding, the Court declines to rule on the merits of the Motion and Defendant's arguments pursuant to 28 U.S.C. § 1595(b), and instead addresses the propriety of a stay under the Court's inherent authority to control its docket. *See landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A district court has discretion to stay a proceeding pending the resolution of a related case in another court for a variety of reasons. *Ortega Trujillo v. Conover & Co. Comm'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Courts may stay a case simply as a means of controlling the court's docket and managing its cases. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997). A stay pending the resolution of a related proceeding in another forum must be properly limited in scope. *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). In determining whether a stay is appropriate for a particular case, the Court must exercise its judgment, weighing competing interests by "assess[ing] and balance[ing] the nature and substantiality of the injustices claimed on either side." *See Lay v. Hixon*, 2009 WL 1357384, at *2 (S.D. Ala. May 12, 2009) (citing *Feld Ent., Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 3 (D.D.C. 2007)).

Upon weighing the relevant factors and interests here, the Court is convinced that granting a stay of this action pending the resolution of the Nygard criminal proceeding is appropriate. The Court recognizes that this case presents unique circumstances in that the defendant in this civil action is not the defendant in the related criminal proceeding. However, the Court finds that a stay is appropriate here given the overwhelming overlap in the two cases, which arise out of the same alleged trafficking scheme. *See S.W. v. Clayton Cty. Public Schools*, 185 F. Supp. 3d 1366, 1372 (N.D. Ga. 2016) ("The overlap between the issues in the criminal and civil cases is of paramount importance because absent overlap, there is no need for a stay.").

Moreover, the interests of the public and third parties also weigh in favor of staying this case. Indeed, Defendant is an alleged co-conspirator of Nygard, whose criminal action is pending in the Southern District of New York. While Nygard is not a party to the instant action, he is likely to be a key witness. *See Lay*, 2009 WL 1357384, at *4. Plaintiff herself admits that "much of the evidence Plaintiff requires is in Nygard's possession, or in the possession of other third parties potentially implicated in the investigation and prosecution of Peter Nygard[.]" (ECF No. 85, at 2).

Other key witnesses in this case have also indicated that they will not cooperate during discovery while the criminal prosecution of Nygard remains pending, and that they will invoke their Fifth Amendment rights if called to testify. (*Id.*) By waiting until the criminal proceedings against Nygard are concluded, timely and full participation of witnesses "can be secured with greater ease and without the risk of incriminating them." *Lay*, 2009 WL 1357384, at *4.

While the Court finds that a stay in this case is appropriate until the resolution of the criminal proceeding against Nygard, this stay is not indefinite and the Court will continue monitoring the process of the criminal proceeding to ensure that the stay remains in place no longer than necessary.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion, (ECF No. 24), is **GRANTED in part**. This case is **STAYED** pending resolution of the criminal proceeding against Peter Nygard in the Southern District of New York bearing criminal case number 20-cr-00624-PGG-1.

2. The parties shall file a joint status report **every 120 days** apprising the Court of the status of the criminal proceeding, failure to do so may result in a dismissal of this case.

3. The Clerk is **DIRECTED** to **ADMINISTRATIVEL CLOSE** this case and **DENY** all pending motions as moot.

4. The parties shall file a motion to lift the stay and reopen this case **within fifteen (15) days** of the resolution of the criminal proceeding.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of April, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

3